UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-cr-0125-SEB-TAB |
| | ) | |
| GREGORY WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On January 9, 2014, this Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 27, 2013. Defendant Gregory Williamson appeared in person with appointed counsel, Joe Cleary. The Government appeared by William L. McCoskey, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Williamson was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of those allegations.

2. Copies of the petition were provided to Williamson and his counsel, and read to him.

3. Williamson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending petition. Williamson waived the preliminary hearing, and his waiver was accepted by the Court.

1

4. Williamson stipulated that he committed the violations in the petition, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from unlawful use of a controlled substance."* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |

As previously reported to the Court, Williamson submitted urine specimens on April 13, 22, May 17, and June 24, 2013, which tested positive for cocaine. After confronting him, he admitted using cocaine on each occasion.

On July 3, 17, August 14, and 22, 2013, Williamson submitted urine samples which tested positive for marijuana. He admitted marijuana use prior to his July 3, 2013, sample being collected. In addition, he admitted to Volunteers of America (VOA) staff he used marijuana prior to arriving at their facility on August 12, 2013.

| 4 | *"The defendant shall reside for a period of up to 120 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."* |

On August 19, 2013, Williamson left the VOA to obtain a required physical. He left the clinic at 10:15 a.m., but did not return to the VOA until 12:00 p.m. He stated he was not given enough time to return as he had an injured leg. It was pointed out to him that he left the VOA at 7:00 a.m. and made it to the clinic by 8:00 a.m. that morning.

On August 23, 2013, Williamson refused to submit a urine test to VOA staff. He was told to drop his pants to his ankles and raise his shirt. He was very hesitant and stated, "I will just take a refusal." He was asked if he was sure, and he stated, "yeah." Later that evening, the offender was written up for smoking and having cigarettes in the facility. In his left front pants pocket was a small flat item which he refused to remove.

On September 19, 2013, Williamson refuse a search by VOA staff upon leaving their facility. He was instructed to sit down and wait for the Assistant Facility Director to speak with him. The offender eventually

stepped up to the front desk and emptied some of the contents from his pockets. During a pat down search, VOA staff felt an object in his right front pocket. Williamson was asked to remove the object, but he refused, stating "Bates, you need to quit f***** with me, and why you searching me on the fc***** way out the door anyway." At that moment, the offender walked out the door and has not returned. His current whereabouts is unknown.

5. The Court placed Williamson under oath and directly inquired of Williamson whether he admitted the violations of the specifications of his supervised release set forth above. Williamson admitted the violations.

6. The most serious grade of violation committed by Williamson constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b). Williamson has criminal convictions that yield a criminal history category of VI. Based on these calculations, the term of imprisonment applicable upon revocation of Williamson's supervised release is 21-24 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

7. The parties notified the Court that they had reached an agreed resolution of Williamson's case for recommendation to the Court. Under the terms of the agreement, Williamson would serve a term of imprisonment of one year and one day, to be followed by two years of supervised release, with up to the first 90 days of the term of supervised release to be served in the VOA.

8. The Court, having heard the admission of the Defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, now finds that the Defendant, Gregory Williamson, violated the above-delineated conditions in the petition.

9. The Court further accepts the recommendation of the parties as to resolution of this matter. In accepting the recommendation, the Court noted that Williamson self-surrendered. The Court also noted that Williamson's violations stemmed in large part from his issues with

controlled substances, but that Williamson otherwise did not appear to be a violent person. Finally, the Court noted that the parties' recommended resolution of the matter support the factors contained in 18 U.S.C. § 3553(a).

10. The parties advised the Magistrate Judged that they waived the 14-day period to filing objections to this Report and Recommendation.

Wherefore, the Magistrate Judge recommends that Williamson's supervised release be revoked and that he be sentenced to the custody of the Attorney General or his designee for a period of imprisonment of one year and one day, with two years of supervised release to follow and with up to the first 90 days of such period of supervision to be served in the Volunteers of America and under the same supervision terms and conditions previously imposed.

The Court further requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and this Order.

Dated: 1/22/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Matthew J. Rinka
Assistant United States Attorney
Matthew.Rinka@usdoj.gov

Michael J. Donahoe
Indiana Community Federal Defender
Mike_Donahoe@fd.org

U. S. Parole and Probation

U. S. Marshal